# UNITED STATES DISTRICT COURT

_____Middle_____ DISTRICT OF ___Tennessee___

UNITED STATES OF AMERICA
V.

CHRISTOPHER A. SMITH

## CRIMINAL COMPLAINT

Case Number: **09-4055 JSB**

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. From on or about __March 2009__ to on or about __March 2009__. in __Maury__ county, in the __Middle__ District of __Tennessee__ defendant(s) did,

(Track Statutory Language of Offense)

combine, conspire, confederate, and agree with Julie A. Cruz, Christina A. Jaska and with others known and unknown to knowingly and intentionally distribute and to knowingly and intentionally possess with intent to distribute Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, and a quantity of a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

in violation of Title __21__ United States Code, Section(s) __841(a) and 846__

I further state that I am a(n) __DEA Task Force Officer__ and that this complaint is based on the following facts:

See Affidavit of Richard Williams, attached as though fully set forth herein

Continued on the attached sheet and made part of the complaint: ☒

Signature of Complainant

Richard Williams
Printed name of Complainant

Sworn to before me and signed in my presence

7/1/2009
Date

John S. Bryant
Name of Judge

Magistrate Judge
Title of Judge

Nashville, Tennessee
City                    State

Signature of Judge

# AFFIDAVIT OF RICHARD L. WILLIAMS

## Introduction

Your affiant Richard L. Williams, being duly sworn and deposed, states as follows:

1. I am currently employed as a Detective with the Rutherford County, Tennessee Sheriff's Office and have been so employed for approximately twenty one years. I am currently assigned to United States Department of Justice Drug Enforcement Administration (DEA) as a Task Force Officer (TFO) My official duties and responsibilities include the investigation of Controlled Substances trafficking offenses, in violation of Title 21 of the United States Code, and I have received specialized training in this regard.

2. Prior to my employment with the Rutherford County. Tennessee. Sheriff's Office, I was employed by the City of LaVergne Tennessee, Police Department for approximately three years. During my tenure with the LaVergne Police Department I was assigned to the Rutherford County, Tennessee, Sheriff's Office Narcotics Unit as an investigator for approximately two years. Prior to my employment by the City of LaVergne, Tennessee Police Department, I was employed by the City of Winchester, Tennessee, Police Department for approximately four years as a patrol officer.

3. I am currently assigned to the Nashville District Office of the DEA. I am responsible for investigating crimes that involve unlawful importation and exportation of Controlled Substances, the possession with the intent to distribute controlled substances, the distribution of controlled substances, the use of communication facilities to further these offenses, as well as the related laundering of monetary instruments, in violation of Title 21, United States Code, Sections 841 (a) (1), 843 (b), 846, 952 (a), 960 and 963, and Title 18, United States Code, Sections 1956 and 1957. In conducting these investigations, I have used a variety of investigative techniques and resources in several investigations which have included physical and electronic surveillance, monitoring court-authorized wiretaps, managing the use of cooperating sources ("CS") and informants, and securing other relevant information using other investigative techniques. Through these investigations, my training and experience and conversations with other Special Agents, as well as other law enforcement personnel, I have become familiar with methods used by controlled substances traffickers to safeguard their controlled substances, to distribute controlled substances, and to collect and launder related controlled substances proceeds.

4. I make this affidavit in support of an application for an arrest warrant for ~~Julio A. Cruz (hereinafter "CRUZ")~~, Christopher A. SMITH (hereinafter "SMITH") and Christina A. JASKA (hereinafter "JASKA"). This affidavit is submitted in support of a criminal complaint for the arrest of ~~CRUZ~~, SMITH and JASKA because beginning on or about March 2009, in the Middle District of Tennessee, they did combine, conspire, confederate, and agree with each other and with others known and unknown to unlawfully, knowingly, and intentionally possess with intent to distribute and to distribute

50 grams or more of a mixture and substance containing a detectable amount of 3,4-Methylenedioxymethamphetamine (hereinafter "MDMA"), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

5. I make this affidavit, in part, on personal knowledge based on my participation in this investigation, and, in part, upon information and belief. I am familiar with the facts and circumstances of this matter. The sources of my information and belief include oral and written reports and information concerning this investigation which I have received from other law enforcement officers.

6. Except where otherwise noted, the information set forth in this affidavit has been provided to me directly or indirectly by special agents of the DEA or other law enforcement officers. Unless otherwise noted, wherever I state that a statement was made, the information was provided by a law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have read. All statements related herein, whether of law enforcement officers or not, are related in substance and in part, and are not verbatim unless otherwise indicated

7. This affidavit is being submitted for the limited purpose of establishing probable cause in obtaining an arrest warrant. Therefore, I have not set forth each and every fact that I have learned during the course of this investigation

3

## BACKGROUND OF THE INVESTIGATION

8. Beginning in 2007, the Tennessee Bureau of Investigation (hereinafter TBI), Columbia, Tennessee office, along with the DEA, conducted an investigation into the illegal methamphetamine distribution activities of Tomie E. Payne, his common law wife, Shellie Royce, and several other co-conspirators in the Columbia, Tennessee area, including Tomie E. Payne's two adult children, Thomas A. "Tick" Payne ("PAYNE") and Julie A. Cruz ("CRUZ"). As a result of that investigation, Tomie E. Payne, Shellie Royce, and four other individuals were indicted on a variety of charges of possession and distribution of methamphetamine on October 24, 2007, Case No. 1:07-0008, in the Middle District of Tennessee. PAYNE and CRUZ were not indicted in that case.

9. Following the arrests of the defendants in Case No. 1:07-0008, through the present time, TBI, Maury County Sheriff's Office and DEA have received information from several different confidential sources who are deemed reliable that CRUZ was distributing illegal controlled substances to include methamphetamine and MDMA in the Columbia, Tennessee area. Beginning in or about March of 2009, the TBI Columbia, Tennessee office has been conducting an investigation focusing on the illegal drug distribution activities of CRUZ. As a result of the information obtained through this more recent TBI investigation, beginning in March of 2009, DEA worked in conjunction with TBI and the Maury County Sheriff's Office to make controlled purchases of MDMA from CRUZ, SMITH and JASKA. The investigation remains ongoing.

4

10. During the course of the investigation, agents learned that the Columbia, Tennessee organization is led by CRUZ and that CRUZ distributes methamphetamine to several different individuals. Agents have learned that the CRUZ'S Columbia-based organization utilizes different locations to accomplish their MDMA distribution activities, and one of those locations is the residences of CRUZ.

### RECENT CONTROLLED PURCHASES FROM SMITH, CRUZ AND JASKA

11 On March 16, 2009, the CS made a controlled purchase of approximately 30 dosage units of MDMA from CRUZ through a juvenile female in Triune, Tennessee. The CS talked to CRUZ by telephone and arranged to meet CRUZ at the Citgo gas station located at 8024 Horton Highway, Triune, Tennessee. Upon arriving, the CS was met by two juvenile females. The juvenile females gave the CS the 30 dosage units of MDMA the CS had discussed with CRUZ. The CS gave the juvenile females $300.00 in pre-recorded TBI funds. The CS was wearing a digital audio recording device that digitally recorded the transaction.

12. On March 19, 2009, the CS made a controlled purchase of approximately one hundred dosage units of MDMA in Franklin, Tennessee. The purchase was made with $800 in pre-recorded confidential TBI funds. The purchase was arranged by CRUZ and facilitated by JASKA and SMITH. CRUZ directed the CS to drive to 317 West 13th Street in Columbia, the residence of Leo Degario CRUZ (CRUZ'S ex-husband) and pick up JASKA. The CS and JASKA traveled to Franklin, Tennessee and met with SMITH. SMITH entered the CS'S vehicle and handed JASKA a plastic

5

shopping bag. The CS gave JASKA the $800.00 in pre-recorded TBI funds. JASKA gave SMITH the $800.00 in pre-recorded TBI funds. The CS was wearing a digital audio recording device and the CS'S vehicle was fitted with a digital audio/video recorder that digitally recorded the transaction.

13. On March 25, 2009, the CS made a controlled purchase of approximately one hundred dosage units of MDMA from CRUZ in Franklin, Tennessee. The CS traveled to 109 Rainer Drive, Columbia, Tennessee and picked up CRUZ and JASKA. They drove to Franklin, Tennessee and met SMITH. The CS gave CRUZ $800 of pre-recorded TBI confidential funds. CRUZ exited the CS'S vehicle and entered SMITH'S vehicle. Minutes later CRUZ exited SMITH'S vehicle and reentered the CS'S vehicle. CRUZ later handed the CS the one hundred dosage units of MDMA. The CS drove CRUZ and JASKA back to 109 Rainer Drive, Columbia, Tennessee. The CS was wearing a digital audio recording device and the CS'S vehicle was fitted with a digital audio/video recorder that digitally recorded the transaction.

14. After each of the controlled purchases, the substances the CS purchased were tested by DEA Chemists for the presence of MDMA. Each of the substances purchased from SMITH, JASKA and CRUZ tested positive for MDMA

15. In sum, the CS has made three controlled purchases of MDMA from CRUZ since March 16, 2009. The CS purchased MDMA from CRUZ through a Juvenile female on March 16, through JASKA and SMITH on March 19 and from CRUZ and SMITH with JASKA on March 25, 2009.

6

16. The total amount of MDMA the CS has purchased from CRUZ, SMITH and JASKA is approximately 65.6 grams.

## CONCLUSION

17. Based upon the facts stated above, I believe there is probable cause to believe that beginning no later than March 2009, in the Middle District of Tennessee, Christopher A. SMITH and Christina A. JASKA did combine, conspire, confederate, and agree with each other and with others known and unknown to unlawfully, knowingly, and intentionally possess with intent to distribute and to distribute 65.6 grams of MDMA, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

Based upon the facts stated above, I respectfully request this Court issue an arrest warrant for Christopher A. SMITH, Christina A. JASKA.

Further affiant sayeth not.

Richard L. Williams

Task Force Agent

Drug Enforcement Administration

Sworn to before me this 1st day of July, 2009.

JOHN S. BRYANT

UNITED STATES MAGISTRATE JUDGE

MIDDLE DISTRICT OF TENNESSEE