# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | NO. 1:09-cr-00009 |
| | ) | |
| CHRISTOPHER A. SMITH | ) | JUDGE ALETA TRAUGER |
| | ) | |

## PETITION TO ENTER A PLEA OF GUILTY

I, Christopher A. Smitih, respectfully represent to the Court as follows:

(1)  My true full name is Christopher A. Smith.  I was born on September 1, 1988, and have completed twelve (12) years of high school with a high school diploma.

(2)  My lawyer is John E. Rodgers.

(3)  I have received a copy of the indictment before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the indictment.

(4)  I have told my lawyer the facts and surrounding circumstances concerning the matters mentioned in the indictment and believe and feel that my lawyer knows as much about this as I do.  My lawyer has counseled and advised me as to the nature and cause of every accusation against me.  We have thoroughly discussed the government's case against me and my potential defenses to the government's case.  My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5)  I understand that the statutory penalties for the offenses with which I am charged are, as to Count One: a maximum term of imprisonment of up to twenty (20) years, a fine of not

*Nine*

more than $250,000.00, ~~a maximum of~~ *at least* three (3) years of supervised release after any term of imprisonment and a mandatory $100.00 special assessment.

(6)     I have been advised that I *may* be sentenced under certain provisions of the Comprehensive Crime Control Act of 1984, pursuant to guidelines established by the United States Sentencing Commission, however the guidelines are but one of several factors that the Court will consider under the provisions of 18 U.S.C. § 3553(a) in imposing a sentence. Pursuant to the Supreme Court's holding in *United States v. Booker*, and *United States v. Fanfan*, 543 U.S. 220, 160 Led 2d 621, 125 S.Ct. 738 (2005), the guidelines are "advisory", requiring the sentencing court only consider guidelines ranges, but permitting it to tailor the sentence in light of other statutory concerns.

(7)  I have been advised by my attorney that if I am sentenced under the guidelines, the "advisory" guideline range which *may* apply may be from **12 to 18 months**.

(8)     I further understand that as a part of any sentence of imprisonment I receive that I *may* be sentenced to a period of supervised release and should I be sentenced to a term of supervised release and violate the terms of that supervised release, upon revocation I could be imprisoned and an additional period of supervised release imposed.  If I am charged with more than one offense I understand that the advisory guidelines take this into consideration.  I have been informed that under the present federal sentencing system I will not be subject to parole and I will receive only 54 days good time per year and it will not vest until the end of each year.  I further understand that I will be sentenced to a mandatory fine to be calculated through the guidelines unless the Judge finds me indigent and unable to pay any fine.  Considered in this fine will be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision.  Nothing in this paragraph serves as a waiver of my

constitutional rights under the Sixth Amendment.

(9)   I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life.  This means, under present law that (a) I cannot vote in Tennessee; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation or parole whether state or federal, the fact that I have been convicted may be used to revoke my probation or parole regardless of what sentence I receive on this case; (d) This conviction may be used as one of the necessary convictions a state would have to prove should they decide to prosecute me for being an habitual criminal.  If I were convicted of being an habitual criminal I could be sentenced up to life imprisonment depending on state law; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others.  If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988.

(10)   I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I

am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial and that the Court may impose sentence upon me within the limits set forth in this plea petition as set forth in paragraph 14 herein.

(11)  No officer or agent of any branch of government (federal, state or local), nor any other person, has told me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea they are fully set forth in paragraph (14) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case and that if the Judge decides to reject the plea agreement which may be set forth in paragraph (14) below I will be offered the opportunity to withdraw my plea and plead not guilty, if I desire unless the government has only agreed to recommend a sentence to the Court (Rule 11(c)(1)(B) of the *Federal Rules of Criminal Procedure*). I hope to receive probation or some form of leniency but I am prepared to accept any punishment permitted by law which the Judge may see fit to impose. I understand that I am not eligible for a sentence of probation if I receive any sentence of imprisonment or am convicted of a Class A or Class B felony punishable by twenty-five or more years imprisonment. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration, or whether any sentence of incarceration should be concurrent with any state time I am already serving, that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated or whether my sentence will be concurrent (unless the judge does not recommend concurrent or orders it to be consecutive) with

any state time.

(12)   My lawyer has done all that anyone could do to counsel and assist me, and I understand the proceedings in this case against me.  My lawyer has done all the investigation and research in this case that I have asked him to do and I am satisfied with his representation at this point.

(13)   Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows: Guilty to count one of the indictment.

(14)  This plea is the result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 of the *Federal Rules of Criminal Procedure* which is attached hereto.

(15)   I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand, the statements set forth in the indictment, and in this petition, and in the "Certificate of Counsel" which is attached to this petition.

(16)   I am not under the influence of either drugs or alcohol.

(17)   I pray the Court to enter now my plea of "GUILTY" as set forth in paragraph (13) of this petition, in reliance upon my statements made in this petition.

(18)   Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I hereby waive the provisions of Rule 32 *Fed.R.Crim.P.* to the extent that such provisions conflict with 18 U.S.C. § 3552(d), and agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this the **29** day of September, 2009.

_Christopher Smith_
**CHRISTOPHER A. SMITH**
Defendant

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment and plea are accurately stated above.

_____
Attorney for Government

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for CHRISTOPHER A. SMITH, hereby certifies as follows:

(1) I have read and fully explained to CHRISTOPHER A. SMITH, all of the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is in all respects accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by CHRISTOPHER A. SMITH, in paragraph (13) of the foregoing petition, is voluntarily and understandingly made and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (13) of the foregoing petition.

Signed by me in open court in the presence of CHRISTOPHER A. SMITH, this **29** day of September, 2009.

_____
**JOHN E. RODGERS, JR.**
Attorney for the Defendant

# **O R D E R**

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of counsel and for all proceedings heretofore had in this case, it is **ORDERED** that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.

Done in open court this _____ day of September, 2009.

_____
**DISTRICT JUDGE ALETA TRAUGER**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 1:09-00009 |
| v. | ) | |
| | ) | Judge Trauger |
| CHRISTOPHER A. SMITH | ) | |

## PLEA AGREEMENT

The United States of America, through Edward M. Yarbrough, United States Attorney for the Middle District of Tennessee, and Brent A. Hannafan, Assistant United States Attorney, and the defendant, Christopher A. Smith, and the defendant's counsel, John Rodgers, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1.      Defendant acknowledges that he has been charged in an indictment in this case alleging a conspiracy with co-defendants Julie Cruz (hereinafter "Cruz" and Christina Jaska (hereinafter "Jaska") to unlawfully, knowingly, and intentionally possess with intent to distribute and distribute a quantity of 3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

2.      Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crimes with which he has been charged.

## Charges to Which Defendant is Pleading Guilty

3.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count Nine of the indictment, charging him with conspiring to possess with intent to distribute and distribute 3,4-Methylenedioxymethamphetamine (MDMA) in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

## Penalties

4.      The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following maximum terms of imprisonment and fines. A term of imprisonment which may not be more than twenty years, a fine not to exceed $1,000,000, a supervised release term of at least three years, and a special monetary assessment of $100.

## Acknowledgments and Waivers Regarding Plea of Guilty

## Nature of Plea Agreement

5.      This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case Criminal Number 1:09-00009.

6.      Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)      If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

2

(b)     If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random.  Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause when actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charges beyond a reasonable doubt; that it could not convict defendant on the charges in the information unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt; and that it must consider each count of the information against defendant separately.

(c)     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, defendant could present witnesses and other evidence on his own behalf.  If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e)     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.  If defendant desired to do so, he could testify on his own behalf.

3

7. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues relating to a trial that might have been available if he had exercised his right to trial.

### Factual Basis

8. Defendant will plead guilty because he is in fact guilty of the charges contained in Count Nine of the indictment. In pleading guilty, defendant admits the following facts and agrees that those facts establish his guilt beyond a reasonable doubt:

a. Beginning not later than on or about March 16, 2009, through on or about March 25, 2009, in the Middle District of Tennessee and elsewhere, the defendant did combine, conspire, confederate, and agree with Cruz and Jaska and unknown others to unlawfully, knowingly, and intentionally possess with intent to distribute and distribute a quantity of 3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846.

b. Specifically, On March 16, 2009, a confidential source (hereinafter "the CS" working with agents of the Tennessee Bureau of Investigation (TBI) made a controlled purchase of approximately 30 dosage units of MDMA from Cruz through a juvenile female in Triune, Tennessee. The CS made a recorded call to Cruz and arranged to meet her at a gas station. Upon arriving, the CS was met by two juvenile females. The juvenile females gave the CS the 30 dosage units of MDMA the CS had discussed with Cruz. The CS paid them $300 in pre-

4

recorded TBI funds. The CS was wearing a digital audio recording device. Cruz had previously obtained the MDMA from the defendant.

      c.      On March 19, 2009, the CS made a controlled purchase of approximately one hundred dosage units of MDMA in Franklin, Tennessee. The purchase was made with $800 in pre-recorded TBI funds. The purchase was arranged by Cruz. Cruz directed the CS to drive to 317 West 13th Street in Columbia, the residence of Leo Degario Cruz (Cruz's ex-husband) and pick up Jaska. The CS and Jaska traveled to Franklin, and met with the defendant. The defendant entered the CS's vehicle and handed Jaska a plastic shopping bag. The CS had already given Jaska the $800 and she handed it to the defendant after he gave her the bag. The CS was wearing a digital audio recording device and the CS's vehicle was fitted with a digital audio/video recorder that recorded the transaction.

      d.      On March 25, 2009, the CS made a controlled purchase of approximately one hundred dosage units of MDMA from Cruz in Franklin, Tennessee. The CS traveled to 109 Rainer Drive, Columbia, Tennessee and picked up Cruz and Jaska. They drove to Franklin, Tennessee and met the defendant. The CS gave Cruz $800 of pre-recorded TBI funds. When they arrived, Cruz exited the CS's vehicle and entered the defendant's vehicle. Minutes later, Cruz exited the defendant's vehicle and reentered the CS's vehicle. Cruz then handed the CS the one hundred dosage units of MDMA. The CS was wearing a digital audio recording device and the CS's vehicle was fitted with a digital audio/video recorder that digitally recorded the transaction.

      e.      All of the aforementioned controlled purchases took place in the Middle District of Tennessee. After each of the controlled purchases, the substances the CS purchased were

5

tested by a DEA laboratory for the presence of MDMA. Each of the substances purchased tested positive for MDMA.

f.    Defendant also acknowledges that for the purpose of determining the applicable advisory sentencing range under the United States Sentencing Guidelines (hereinafter "U.S.S.G."), the following conduct, to which he stipulates, constitutes relevant conduct under U.S.S.G. §1B1.3: the total amount of MDMA the CS purchased weighed 65.6 grams. Using the U.S.S.G. conversion table, that is equal approximately 33 kilograms of marijuana.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and to assess relevant conduct for purposes of the United States Sentencing Guidelines. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

### Sentencing Guidelines Calculations

9.    The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with other sentencing goals, and will consider the U.S.S.G. recommended sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those effective November 1, 2008.

10.    For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant recommend to the Court, pursuant to Rule 11(c)(1)(B), the following:

6

a.  **Offense Level Calculations.**

i.  The base offense level for a conviction of the indictment is 18, pursuant to U.S.S.G. § 2D1.1.

ii.  Assuming defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of U.S.S.G. § 5C1.2 (hereinafter the "safety valve"), pursuant to U.S.S.G. § 2D1.1, defendant is entitled to a decrease of 2 levels.

iii.  Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a).  Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the  to allocate their resources efficiently.

iv.  The parties agree that no additional upward or downward adjustments of the offense level are appropriate, although a downward departure may be appropriate, as further discussed herein.

b.  **Criminal History Category.**  The parties do not have an agreement to the defendant's criminal history.

7

c. **Recommended Offense Level.**  Therefore, assuming the defendant qualifies for the "safety valve," the parties agree to recommend to the Court a final offense level, prior to any downward departure, of 13 (the "Recommended Offense Level").  Defendant understands that the offense level as ultimately determined by the Court prior to any downward departure (the "court-determined offense level)" may be different from the Recommended Offense Level. Defendant likewise understands that the guidelines range as ultimately determined by the Court prior to any downward departure (the "court-determined guidelines range") may be based on an offense level different from the Recommended Offense Level.

A downward departure from the court-determined guideline range may be appropriate under U.S.S.G. § 5K1.1, as set forth herein.  Defendant is free to argue for a downward departure under provisions of Chapter 5 of the U.S.S.G. other than Section 5K1.1.

Defendant is aware that the Recommended Offense Level or any estimate of the offense level or guidelines range that defendant may have received from defendant's counsel, the United States, or the Probation Office is a prediction, not a promise, and is not binding on the Probation Office or the Court.  Defendant understands that the Probation Office will conduct its own investigation and make its own recommendations, that the Court ultimately determines the facts and law relevant to sentencing, that the Court's determinations govern the final guidelines calculations, and that the Court determines both the final offense level and the final guidelines range.  Accordingly, the validity of this agreement is not contingent upon the Probation Officer's or the Court's concurrence with the above calculations.  In the event that the Probation Office or the Court contemplates any U.S.S.G. adjustments, departures, or calculations different from those recommended above, the parties reserve the right to answer any inquiries and to make all

8

appropriate arguments concerning the same. Defendant further acknowledges that if the Court does not accept the guidelines calculations of the parties, defendant will have no right to withdraw his guilty plea.

## Cooperation

11.     Defendant agrees to cooperate fully and truthfully with the United States and to provide all information known to him regarding any criminal activity.  In that regard:

      a.     Defendant agrees to respond truthfully and completely to any and all questions that may be put to him, whether in interviews, before a grand jury, or at any trial(s) or other court proceedings.

      b.     Defendant agrees to be reasonably available for debriefings and pre-trial conferences as the United States may require.

      c.     Defendant agrees to produce voluntarily any and all documents, records, writings, or materials of any kind in his possession or under his care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

      d.     Defendant consents to continuances of his sentencing hearing as requested by the United States.

12.     Nothing in this Plea Agreement requires the government to accept any cooperation or assistance that defendant may choose to proffer. The decision as to whether and how to use any information and/or cooperation that defendant provides (if at all) is in the exclusive discretion of the United States.

13.     Defendant must at all times give complete, truthful, and accurate information and testimony, and must not commit, or attempt to commit, any further crimes.  Defendant

9

understands that if he falsely implicates an innocent person in the commission of a crime, or exaggerates the involvement of any person in the commission of a crime in order to appear cooperative, or if defendant falsely minimizes the involvement of any person in the commission of a crime in order to protect that person, then defendant will be in violation of the Plea Agreement. Should the United States determine that defendant has failed to cooperate fully, has intentionally given false, misleading, or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this Plea Agreement, the United States, may in its discretion and as appropriate in light of particular circumstances: (1) prosecute defendant for perjury, false declarations or statements, and obstruction of justice; (2) prosecute any other crime alleged in the indictment that would have otherwise been dismissed at sentencing; (3) charge defendant with other crimes; and (4) recommend a sentence up to the statutory maximum.

14.     This Plea Agreement is not conditioned upon charges being brought against any other individual. This Plea Agreement is not conditioned upon any outcome in any pending investigation. This Plea Agreement is not conditioned upon any result in any future prosecution that may occur because of defendant's cooperation. This Plea Agreement is conditioned upon defendant providing full, complete, and truthful cooperation.

15.     If the United States in its sole discretion determines that defendant has cooperated fully, provided substantial assistance to law enforcement authorities, and otherwise complied with the terms of this Plea Agreement, prior to sentencing the government shall file a motion pursuant to U.S.S.G. § 5K1.1 with the Court setting forth the nature and extent of defendant's

cooperation. Defendant understands that at the time this Plea Agreement is entered, no one has promised that a substantial assistance motion will be made on defendant's behalf.

16. The United States cannot, and does not, make any promise or representation as to what sentence defendant will receive. The United States will inform the Probation Office and the Court of (a) this Plea Agreement; (b) the nature and extent of defendant's activities with respect to this case and all other activities of defendant that the United States deems relevant to sentencing; and (c) the nature and extent of defendant's cooperation.

### Agreements Relating to Sentencing

17. If the government determines, in its sole discretion, that defendant has provided substantial assistance to the government in the investigation and prosecution of another person who has committed an offense, then the government shall move the Court to depart downward from the court-determined guidelines range pursuant to U.S.S.G. § 5K1.1. In that case, the government, in its sole discretion, also may recommend that the Court impose a particular sentence or depart downward to a particular extent. Defendant understands that the decision whether, and to what extent, to depart below the court-determined guidelines range rests solely with the Court.

18. Each party is free to recommend whatever sentence it is feels appropriate.

19. The parties understand that if the Court grants a government motion to depart downward pursuant to U.S.S.G. § 5K1.1 and thus pronounces a final guidelines range that is lower than the court-determined guidelines range, the Court will consider this lower, final guideline range together with other sentencing factors in determining defendant's sentence.

11

20.     Defendant understands that if the government does not move the Court to depart downward from the court-determined guidelines range pursuant to U.S.S.G. § 5K1.1, the Court shall impose a sentence taking into consideration the court-determined guidelines range together with other sentencing factors. Defendant may not withdraw his plea of guilty because the government has determined not to make a motion pursuant to U.S.S.G. § 5K1.1.

21.     It is understood by the parties that the Court is neither a party to nor bound by this Plea Agreement and, after consideration of the U.S.S.G., may impose the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea. Similarly, defendant understands that any recommendation by the Court related to location of imprisonment is not binding on the Bureau of Prisons.

22.     Defendant agrees to pay the special assessment of $100 at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

## Presentence Investigation Report/Post-Sentence Supervision

23.     Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing, including the nature and extent of defendant's cooperation.

24.     Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court,

12

the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

25.     This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

## Waiver of Appellate Rights

26.     Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal any sentence within or below the guideline range associated with the Recommended Offense Level when combined with defendant's criminal history category as

13

determined by the Court. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241, and/or 18 U.S.C. § 3582(c). Such waiver does not apply, however, to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal any sentence: (i) within or above the guideline range associated with the Recommended Offense Level when combined with defendant's criminal history category; or (ii) below such guideline range if the government has moved for a downward departure pursuant to U.S.S.G. §5K1.1.

### Other Terms

27.     Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government, at its option, may void this Plea Agreement.

### Conclusion

28.     Defendant understands that the indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

29.     Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of

14

the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

30.     Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

31.     No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

32.     Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 9/29/09          Christopher Smith
                       Christopher A. Smith
                       Defendant

15

33.    <u>Defense Counsel Signature:</u>  I am counsel for defendant in this case.  I have fully

explained to defendant his rights with respect to the pending indictment.  Further, I have

reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully

explained to defendant the provisions of those guidelines that may apply in this case.  I have

reviewed carefully every part of this Plea Agreement with defendant.  To my knowledge,

defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 9 - 29 - 09

John Rodgers
Attorney for Defendant


Respectfully submitted,

Edward M. Yarbrough
United States Attorney

By:

Brent A. Hannafan
Assistant U.S. Attorney

Harold B. McDonough
Deputy Chief

16